## JUDGE SWAIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 07 CV 4734

| | |
|---|---|
| **SHR & SIMMONS JEWELRY GROUP, LLC,** | Civil Action No. |
| *Plaintiff,* | ECF CASE |
| v. | JURY TRIAL DEMANDED |
| **GOLD LLC,** | JUN 0 4 7 007 |
| *Defendant.* | |

## COMPLAINT

Plaintiff SHR & Simmons Jewelry Group, LLC, by its attorneys, for its Complaint against Defendant Gold LLC, alleges as follows:

1.     The purpose of this lawsuit is to seek damages and injunctive relief to stop Defendant Gold LLC ("Gold") from "knocking off" Plaintiff SHR & Simmons Jewelry Group, LLC's ("Simmons") jewelry design, by the manufacture and sale of bracelets which are essentially identical to the design of Simmons, protected by design patent, to Simmons' significant detriment.  Unless Gold is enjoined from further copying and infringement of its design, Simmons will suffer substantial ongoing and irreparable harm.

## JURISDICTION AND VENUE

2.     This complaint alleges causes of action for design patent infringe-ment under the Patent Laws of the United States, 35 U.S.C. § 281 et seq.

3.     This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §1331.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(a)-(b).

## THE PARTIES

5.      Simmons is a limited liability company organized and existing under the laws of the Delaware, having an office and place of business at 462 Seventh Avenue, 7th Floor, New York, NY 10018.

6.      Simmons is a leading source of original items of jewelry, including bracelets and like items.

7.      Upon information and belief, Defendant Gold LLC is a California limited liability company with its headquarters located at 1641 Allesandro Street, Los Angeles, California 90026.

8.      Upon information and belief, Defendant Gold is doing business within this State and judicial district, transacts business within this State and judicial district, derives substantial revenue from intra-state and inter-state commerce and has committed tortious acts within this State and judicial district and without this State and judicial district having injurious consequences within this State and judicial district, and Defendant is otherwise within the jurisdiction of this Court.

9.      Upon information and belief, Defendant Gold is a manufacturer and distributor of merchandise, including the bracelets at issue herein, and has engaged in conduct in New York and elsewhere which infringes plaintiff's design patent, as set forth hereinafter.

10.     Upon information and belief, Defendant Gold has sold its infringing bracelets to retailers in New York and elsewhere, and those retailers have sold the infringing bracelets to the public.

-2-

## COUNT I

### [Patent Infringement]

11.     This cause of action arises under the Patent Laws of the United States, Title 35 United States Code.

12.     Simmons repeats and realleges the allegations of paragraphs 1-10 hereof as if fully set forth herein.

13.     In the course of its business, Simmons created an original design for a bracelet, identified as its "LA Bracelet".

14.     The LA Bracelet consists of material which is new, unobvious and ornamental and is patentable subject matter under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

15.     On about May 30, 2006, Simmons filed an application for a design patent in the United States Patent and Trademark Office.  The application was filed in the names of Mike So and Asher Hoffman, and has been assigned to Simmons.

16.     On or about May 29, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. D543,477 entitled "Combined Bracelet or Ring Jewelry Linkage" ("the '477 patent'") to Simmons, based on the application that had been filed in the names of Messrs. So and Asher.  A copy of the '477 patent is annexed hereto as Exhibit A.

17.     Simmons is the owner of all right, title and interest in and to the '477 patent.

18.     Defendant Gold has infringed the '477 by making, using, selling

-3-

and offering for sale bracelets, such as the bracelet of Exhibit B hereto. All of the
activities of Defendant Gold are in violation of the rights of Simmons under 35 U.S.C.
§1 et seq.

19.    All of the acts of Defendant as set forth in the preceding
paragraphs hereof are without permission, license or consent of Simmons, and are
irreparably damaging Simmons. Simmons has been damaged by the acts of Defendant
in an amount as yet unknown, but if such activities go unabated, the damage may well
exceed $500,000.

WHEREFORE, Plaintiff demands:

A.    That Defendant, its agents, servants, related companies, and all
parties in privity with them, or any of them, be enjoined preliminarily and permanently
from infringing the '477 patent alleged herein, by manufacturing, illustrating, publishing,
displaying, vending, distributing, offering to sell, selling, shipping, delivering, promoting,
using or advertising any copies of such works which are the subject of said design
patent, including but not limited to an injunction against Defendant dealing in the said
jewelry piece shown in Exhibit B hereto, or any other items incorporating the infringing
designs, or causing and/or participating in such manufacturing, publishing, displaying,
distributing, offering to sell, selling, promoting, using or advertising of copies of such
works.

B.    That Defendant be required to deliver up for destruction all
infringing copies of Plaintiff's items in their possession or under of the control of
Defendant, and to deliver up for destruction all material implementing such infringing

-4-

works.

      C.     That Defendant be required to pay the Plaintiff such damages as Plaintiff sustained in consequence of Defendant's infringement of Plaintiff's design patent and to account for all gains, profits and advantages derived by Defendant from said infringement, and that such award for damages be trebled due to willful and wanton nature thereof.

      D.     That Defendant pay to Plaintiff its costs of this action, and Plaintiff's reasonable attorneys' fees, as the Court may allow Plaintiff.

      E.     That Plaintiff be granted such other and further relief as the Court may deem just.

                    **GOTTLIEB, RACKMAN & REISMAN, P.C.**
                    Attorneys for Plaintiff
                    270 Madison Avenue
                    New York, New York 10016-0601
                    (212) 684-3900

                    By:                      
                      Jeffrey M. Kaden (JK 2632)
                      Marc P. Misthal (MM 6636)
                      Yuval H. Marcus (YM 5348)

Dated:  New York, New York
         June 4, 2007

**"EXHIBIT A"**



US00D543477S

(12) **United States Design Patent**
So et al.

(10) Patent No.: **US D543,477 S**
(45) Date of Patent: ** **May 29, 2007**

(54) **COMBINED BRACELET OR RING JEWELRY LINKAGE**

(75) Inventors: **Mike So**, Kwai Chung (HK); **Asher Hoffman**, New York, NY (US)

(73) Assignee: **The Simmons Jewelry Co.**, New York, NY (US)

(**) Term: **14 Years**

(21) Appl. No.: 29/260,626

(22) Filed: **May 30, 2006**

(51) LOC (8) Cl. .................................................. 11-01

(52) U.S. Cl. ......................................... **D11/13**; D11/26

(58) **Field of Classification Search** ............. D11/1–25, D11/81; D8/499; D12/114; 63/3, 4; 59/78, 59/79, 81, 82–83, 95
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 522,247 | A | * | 7/1894 | Wilson ........................... 59/78 |
| D25,557 | S | * | 6/1896 | Sturdy ........................ D11/79 |
| D39,049 | S | | 2/1908 | Scullin |
| 1,344,111 | A | | 6/1920 | Benson |
| D82,091 | S | | 9/1930 | Hill |
| D100,147 | S | | 6/1936 | Braun |
| D102,842 | S | * | 1/1937 | Ritter ......................... D11/12 |
| D131,373 | S | * | 2/1942 | Chernow ..................... D11/12 |
| 3,022,648 | A | | 2/1962 | Thaler |
| 3,147,586 | A | * | 9/1964 | Archer ........................... 59/78 |
| 3,633,357 | A | | 1/1972 | King .............................. 59/35 |
| D246,830 | S | * | 1/1978 | Lossini ....................... D11/12 |
| D246,960 | S | * | 1/1978 | Lossini ......................... D11/4 |
| D247,103 | S | * | 1/1978 | Lossini ....................... D11/12 |
| D265,067 | S | | 6/1982 | Grosskopf ................... D11/30 |
| D279,462 | S | | 7/1985 | Weikel ........................ D11/38 |
| D298,422 | S | | 11/1988 | Messa .......................... D11/34 |
| D299,815 | S | | 2/1989 | Shapiro ....................... D11/35 |
| D299,912 | S | | 2/1989 | Goldman et al. ............. D11/38 |
| D301,121 | S | | 5/1989 | Messa .......................... D11/34 |
| D339,081 | S | | 9/1993 | Pandel ........................... D11/3 |
| D341,102 | S | | 11/1993 | Wunderman .................. D11/3 |
| D352,476 | S | | 11/1994 | Lefevre ....................... D11/25 |
| D358,355 | S | | 5/1995 | Fernandez |
| D399,161 | S | | 10/1998 | Mougenot ..................... D11/3 |

| | | | | |
|---|---|---|---|---|
| D400,468 | S | * | 11/1998 | Norman ........................ D11/81 |
| D412,058 | S | * | 7/1999 | Edworthy .................... D3/208 |
| 6,085,550 | A | | 7/2000 | Ishida ..................... 63/15.65 |
| D438,813 | S | * | 3/2001 | Yellen .......................... D11/3 |
| D441,692 | S | | 5/2001 | Niblett et al. ............... D12/95 |
| D443,843 | S | | 6/2001 | Schopfer ...................... D11/3 |
| D445,055 | S | | 7/2001 | Subilia ......................... D11/3 |
| D446,469 | S | | 8/2001 | Roden .......................... D11/3 |
| D460,698 | S | * | 7/2002 | Jamin ........................ D10/32 |
| D471,482 | S | | 3/2003 | Calvani ........................ D11/3 |
| 6,598,382 | B1 | | 7/2003 | Yoo ................................ 59/80 |
| D479,768 | S | * | 9/2003 | Macevicz .................... D3/211 |
| D489,020 | S | | 4/2004 | Hill ............................... D11/3 |
| D491,828 | S | | 6/2004 | Chang ........................... D11/3 |
| D492,613 | S | | 7/2004 | Kim et al. ................... D11/12 |
| D495,616 | S | | 9/2004 | Fountoulakis ............... D11/26 |
| D510,291 | S | | 10/2005 | Calvani ...................... D11/16 |
| 2002/0069670 | A1 | | 6/2002 | Rosenberg |
| 2003/0014996 | A1 | | 1/2003 | Feuer |

* cited by examiner

*Primary Examiner*—Louis Zarfas
*Assistant Examiner*—Michael Pratt
(74) *Attorney, Agent, or Firm*—Levisohn, Berger & Langsam, LLP

(57) **CLAIM**

The ornamental design for combined bracelet or ring jewelry linkage, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a first embodiment of the present invention;
FIG. 2 is a top plan view of the invention of FIG. 1;
FIG. 3 is a bottom plan view of the invention of FIG. 1;
FIG. 4 is a right side plan view of the invention of FIG. 1, the left side plan view being substantially identical; and,
FIG. 5 is a top plan view of a second embodiment of the present invention, the remaining views being substantially identical with those of the first embodiment except for the extension of the rivets and the difference in proportional relationships.
The broken lines are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 5 Drawing Sheets**





FIG. 1



*FIG. 2*



FIG. 3

**U.S. Patent**    May 29, 2007    Sheet 4 of 5    **US D543,477 S**



*FIG. 4*



FIG. 5

# "EXHIBIT B"

Simmons



Gold LLC



Gold LLC