UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHR & SIMMONS JEWELRY GROUP, LLC,<br><br>   *Plaintiff,*<br><br>   v.<br><br>GOLD LLC,<br><br>   *Defendant.* | Civil Action No.<br><br>ECF CASE |

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION, BROUGHT ON BY ORDER TO SHOW CAUSE**

---

GOTTLIEB, RACKMAN & REISMAN, P.C.
Jeffrey M. Kaden
Marc P. Misthal
Yuval H. Marcus
Counsel for Plaintiff
270 Madison Avenue
New York, New York 10016-0601
(212) 684-3900

DATED: June 7, 2007

## **TABLE OF CONTENTS**

Page

Table of Contents .................................................................. i

Table of Authorities/Cases ......................................................... ii

Preliminary Statement ............................................................. 1

Factual Recitation ................................................................ 1

Argument ........................................................................ 3

    A.    The Preliminary Injunction Standard ......................................... 3

    B.    Simmons is Likely to Succeed on its Design Patent Infringement Claim   4

    C.    Irreparable Harm is Apparent ................................................ 6

    D.    The Balance of Hardships Tips Overwhelmingly in Simmons' Favor ............... 7

    E.    Recall Is Appropriate ........................................................ 7

    F.    Simmons is Entitled to Expedited Discovery ................................... 9

Conclusion ...................................................................... 10

## TABLE OF AUTHORITIES

### CASES

**Page**

ABKCO Music, Inc. v. Stellar Records, Inc.,
96 F.3d 60 (2d Cir. 1996) .................................................. 4

Amazon.com, Inc., v. Barnesandnoble.com, Inc.,
239 F.3d 1343 (Fed. Cir. 2001) .................................................. 6

Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc.,
853 F.2d 1557 (Fed. Cir. 1988) .................................................. 4, 5

Bell & Howell Document Mgmt. Prods. Co. v. Altek Sys., Inc.,
132 F.3d 701 (Fed. Cir. 1997) .................................................. 6

Behnam Jewelry Corp. v. Aron Basha Corp.,
45 U.S.P.Q.2d 1078, 1094 (S.D.N.Y. 1997) .................................................. 7

Braun Inc. v. Dynamics Corp. of Am.,
975 F.2d 815 (Fed. Cir. 1992) .................................................. 5

Dollcraft Industries, Ltd. v. Well-Made Toy Mfg.,
479 F.Supp. 1105 (E.D.N.Y. 1978) .................................................. 8

Elmer v. ICC Fabricating, Inc.,
67 F.3d 1571 (Fed. Cir. 1995) .................................................. 4, 5

Francis S. Denney, Inc. v. I.S. Lab, Inc.,
737 F. Supp. 247 (S.D.N.Y. 1990) .................................................. 10

Gund Inc. v. Golden Bear Co. Ltd.,
27 U.S.P.Q.2d 1549 (S.D.N.Y. 1992) .................................................. 9

Hukafit Sportswear, Inc. v. Banff, Ltd.,
228 U.S.P.Q. 249 (S.D.N.Y. 1985) .................................................. 8, 9

Hybritech Inc. v. Abbott Lab,
849 F.2d 1446 (Fed. Cir. 1988) .................................................. 4

Keystone Retaining Wall Sys., Inc. v. Westrock Inc.,
997 F.2d 1444 (Fed. Cir. 1993) .................................................. 4

L.A. Gear, Inc. v. Tom McAn Shoe Co.,
  988 F.2d 1117 (Fed. Cir. 1993)
  cert. denied, 114 S. Ct. 291, 126 L. Ed. 2d 240 (1993) . . . . . . . . . . . . . . . . . . . . 4

Louis Vuitton Malletier v. Burlington Coat Factory Warehouse Corp.,
  426 F.3d 532 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Merit Diamond Corp. v. Frederick Goldman Inc.,
  376 F.Supp.2d 517 (S.D.N.Y. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

MyWebGrocer, LLC v. Hometown Info, Inc.,
  375 F.3d 190 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Nik-Nik Industries, Inc. v. Walt Disney Productions, Inc.,
  194 U.S.P.Q. 108 (S.D.N.Y. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Nikon Inc. v. Ikon Corp.,
  987 F.2d 91 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9

OddzOn Prods. v. Just Toys,
  122 F.3d 1396 (Fed. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Payless Shoesource v. Reebok Int'l, Ltd.,
  998 F.2d 985 (Fed. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Perfect Fit Industries, Inc. v. Acme Quilting Co., Inc.,
  646 F.2d 800 (2d Cir. 1981),
  cert. denied, 459 U.S. 832 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Read Corp. v. Portec, Inc.,
  970 F.2d 816 (Fed. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Revlon Consumer Products Corp. v. Jennifer Leather Broadway,
  858 F. Supp. 1268 (S.D.N.Y. 1994),
  aff'd without opinion, 57 F.3d 1062 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . 10

Rohm and Haas Co. v. Cumberland Chemical Corp.,
  220 U.S.P.Q. 978 (S.D. Tx. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Shen Mfg. Co. v. Suncrest Mills, Inc.,
  673 F.Supp. 1199 (S.D.N.Y. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Sun Hill Indus., Inc. v. Easter Unlimited, Inc.,
  48 F.3d 1193 (Fed. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## PRELIMINARY STATEMENT

This is an action for design patent infringement. Defendant has infringed Plaintiff's design patent covering a unique jewelry design for bracelets and rings. The present motion seeks a temporary restraining order and a preliminary injunction precluding Defendant from manufacturing, having manufactured, importing, displaying, distributing, advertising and promoting, shipping or selling its infringing jewelry. A recall and expedited discovery are also requested.

It is rare to encounter such a blatant example of commercial piracy as found in this case. Defendant has embarked upon a brazen attempt to knock off Plaintiff's bracelets and otherwise violate Plaintiff's proprietary rights associated therewith. This is a classic case for the imposition of immediate injunctive relief.

This motion satisfies all the criteria for the issuance of a temporary restraining order and a preliminary injunction, and Defendant should therefore be restrained and preliminarily enjoined from continuing to market its infringing jewelry products.

Plaintiff relies on the facts alleged in its Complaint ("Compl.") and in the Declaration of Scott Rauch dated June 5, 2007 (hereinafter the "Rauch Decl."), and on the legal arguments presented herein.

## FACTUAL RECITATION

### The Parties to this Litigation

Plaintiff SHR & Simmons Jewelry Group, LLC ("Simmons") is a source of original high quality, "upscale" jewelry items, including bracelets and like items. It has an office and place of business in Manhattan. (Rauch Decl. ¶ 1).

1

Defendant Gold LLC ("Gold"), located in Los Angeles, manufactures and distributes jewelry to retail jewelry store locations throughout the United States, including retail stores in New York. (Compl. ¶¶ 7, 9).

**Simmons' Design Patent**

Simmons is the exclusive owner of U.S. Patent No. D543,477 entitled "Combined Bracelet or Ring Jewelry Linkage" ("the '477 patent') which issued on May 29, 2007. (Compl. ¶¶ 16, 17). A copy of the '477 patent is annexed to the Complaint as Exhibit A.[1] The '477 patent claims an ornamental design for combined bracelet or ring jewelry linkage as shown in the drawings of the patent. (Compl. Exh. A)

The '477 patent covers a bracelet known as the "LA Bracelet" created by Simmons. (Rauch Decl. ¶ 12, Exh. 5). The LA Bracelet has been featured in various publications, such as Lustre and Uptown. (Rauch Decl. ¶ 4).

**Defendant's Infringement**

Defendant Gold has infringed the '477 patent by making, using, selling and offering for sale bracelets that are substantially similar to Simmons' LA Bracelet covered by the '477 patent without permission, license or consent of Simmons. (Compl. ¶18).

At the beginning of May 2007, prior to the issuance of Simmons' '477 patent, Simmons became aware that Defendant was selling bracelets that are substantially similar to the LA Bracelet. (Rauch Decl. ¶ 14). In particular, on May 3, 2007 Simmons

---

[1] Simmons has filed with the United States Patent and Trademark Office a certificate of correction for the '477 patent to correct a mistake not involving new matter. (Rauch Decl. ¶ 14).

2

purchased one of Defendant's bracelets at the J.C. Penney located in Elmhurst, New York. (Rauch Decl. ¶ 14). After reviewing the infringing bracelet purchased at J.C. Penney, Simmons immediately instructed its attorneys to send a notice letter to Defendant, advising it of Simmons' rights and its pending patent application. Simmons' attorneys sent letters to Defendant on May 14, 2007 and on May 21, 2007, but did not receive a written response to either letter. (Rauch Decl. ¶¶ 15-17, Exh. 7-8).

**The Need for Immediate Relief**

Simmons has already been damaged by Defendant's promotion and sale of its infringing jewelry. Defendant's activities come at an especially crucial period of time, since Father's Day is less than two weeks away. The time period prior to Father's Day is one of the busiest times of the year in the jewelry industry. The damage to Simmons could not come at a worse time. Delay only increases the harm to Simmons as it enables Defendant to take advantage of Simmons at this important time for any company engaged in the men's jewelry business. As such the Court should grant a temporary restraining order and a preliminary injunction to stop Defendant's improper activities. (Rauch Decl. ¶¶ 19, 23).

## ARGUMENT

### A.    The Preliminary Injunction Standard

In this Circuit, it is well-settled that to obtain a preliminary injunction the movant must demonstrate (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the moving party's

favor. Louis Vuitton Malletier v. Burlington Coat Factory Warehouse Corp., 426 F.3d 532, 537 (2d Cir. 2005); MyWebGrocer, LLC v. Hometown Info, Inc., 375 F.3d 190, 192 (2d Cir. 2004); ABKCO Music, Inc. v. Stellar Records, Inc., 96 F.3d 60, 64 (2d Cir. 1996); Merit Diamond Corp. v. Frederick Goldman Inc., 376 F.Supp.2d 517, 522 (S.D.N.Y. 2005).

### B. Simmons is Likely to Succeed on its Design Patent Infringement Claim

Simmons is entitled to a temporary restraining order and a preliminary injunction because the '477 patent is presumed valid and enforceable and because the '477 patent is being infringed. See, Hybritech Inc. v. Abbott Lab, 849 F.2d 1446 (Fed. Cir. 1988). A design patent "protects the nonfunctional aspects of an ornamental design as shown in the patent." Elmer v. ICC Fabricating, Inc., 67 F.3d 1571, 1577 (Fed. Cir. 1995) (citing Keystone Retaining Wall Sys., Inc. v. Westrock, Inc., 997 F.2d 1444, 1450 (Fed. Cir. 1993)). Design patent infringement requires a two pronged showing: first, the allegedly infringing design must be "substantially the same" as the patented design and second, the accused design must "appropriate the novelty that distinguished the patented design from the prior art." L.A. Gear, Inc. v. Tom McAn Shoe Co., 988 F.2d 1117, 1124-25 (Fed. Cir. 1993), cert. denied, 114 S. Ct. 291, 126 L. Ed. 2d 240 (1993); Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1565 (Fed. Cir. 1988).

The first prong requires a determination of "whether the patented design as a whole is substantially similar to the accused design". OddzOn Prods.v. Just Toys, 122 F.3d 1396, 1405 (Fed. Cir. 1997). The accused design and the patented design need not be identical in every respect and the focus should be on the overall visual

4

impression of the patented design as a whole. Id.; Braun Inc. v. Dynamics Corp. of Am., 975 F.2d 815, 820 (Fed. Cir. 1992)("patent infringement can be found for a design that is not identical to the patented design").

The test for determining whether an allegedly infringing product is "substantially the same" as a design patent is as follows:

> If, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

Elmer, 67 F.3d at 1577; see also Payless Shoesource v. Reebok Int'l, Ltd., 998 F.2d 985, 990 (Fed. Cir. 1993); Braun Inc. v. Dynamics Corp. of Am., 975 F.2d 815, 819-20 (Fed. Cir. 1992); Avia Group Int'l, 833 F.2d at 1565. The test for infringement, however, does not compare the commercial embodiments of the two products; instead, the allegedly infringing product is compared only to the patented design. Sun Hill Indus., Inc. v. Easter Unlimited, Inc., 48 F.3d 1193, 1196 (Fed. Cir. 1995). In analyzing the visual similarity, a court may only consider whether an ordinary consumer would be deceived by the nonfunctional aspects of the design patent. Elmer, 67 F.3d at 1577 (quoting Read Corp. v. Portec, Inc., 970 F.2d 816, 825 (Fed. Cir. 1992)).

In this case, a comparison of Simmons' original bracelet design covered by the '477 patent with Defendant's corresponding bracelet demonstrates that Defendant's "design" is substantially similar to Simmons' design as shown in the '477 patent. As in the '477 patent, defendant's bracelet include rectangular links into which a cross shaped element may be inserted. Defendant's bracelet when compared side by side to the designs covered by the '477 patent are virtually indistinguishable. Thus, not only

5

are Defendant's bracelet substantially similar to the designs covered by the '477 patent in the eyes of the ordinary observer, they are virtually identical.

The second prong of the test for design patent infringement requires a showing that the accused design appropriates the point of novelty of the patented design. Here, Simmons' '477 patent covers the ornamental design of a linkage that can be used to form bracelets or rings. (Compl. ¶¶ 14, 16). The drawings depict elongated link elements along the outside that are pivotally connected to a central link into which a cross element is fitted. The inclusion of a cross design element fitted into a link as part of the overall linkage design is a key element of the point of novelty of Simmons' design. By using a distinctive cross design element that is part of a central link as part of its bracelets, defendant has misappropriated the point of novelty of Simmons' linkage design.

Since Simmons has satisfied both prongs for the establishment of a claim for design patent infringement, it is likely to succeed of its claim for design patent infringement.

### C.  Irreparable Harm is Apparent

In patent infringement cases, "irreparable harm is presumed when a clear showing of patent validity and infringement has been made." Amazon.com, Inc., v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed. Cir. 2001) (citation omitted). "This presumption derives in part from the finite term of the patent grant, for patent expiration is not suspended during litigation, and the passage of time can work irremediable harm." Id. (quoting Bell & Howell Document Mgmt. Prods. Co. v. Altek Sys., Inc., 132 F.3d 701, 708 (Fed. Cir. 1997)). The harm suffered is more pronounced

6

for infringement of a design patent whose term is only 14 years from the date of patent grant. 35 U.S.C. § 173 (2000).

Here, the '477 patent is presumptively valid and the use and sale by Defendant of a bracelet that is substantially similar to Simmons' bracelet design covered by the '477 patent constitutes design patent infringement. As such, irreparable harm to Simmons is presumed.

### D. The Balance of Hardships Tips Overwhelmingly in Simmons' Favor

The balance of hardships also tips in favor of granting a preliminary injunction. Simmons has invested a significant amount of money and time in developing its distinctive design that sets Simmons' products apart from its competitors. Defendant, on the other hand, with their copying efforts, are seeking to steal the goodwill that Simmons has established.

Any hardships facing Defendant in being forced to stop its infringing activities are certainly well deserved, and are nowhere near as severe as that faced by Simmons by not being able to enforce its design patent rights, and the potential harm that will result to its reputation and goodwill.

Under the circumstances, a temporary retraining order and a preliminary injunction should be issued.

### E. Recall Is Appropriate

In determining whether "recall" is an appropriate equitable remedy, the Court must both balance the irreparable harm to the Plaintiff's reputation against the burden on the infringer. Behnam Jewelry Corp. v. Aron Basha Corp., 45 U.S.P.Q.2d, 1078,

1094 (S.D.N.Y. 1997); Hukafit Sportswear, Inc. v. Banff, Ltd., 228 U.S.P.Q. 249, 253 (S.D.N.Y. 1985), and consider whether the infringer's actions evince willful or intentional infringement. Nikon Inc. v. Ikon Corp., 987 F.2d 91, 97 (2d Cir. 1993); Shen Mfg. Co. v. Suncrest Mills, Inc., 673 F.Supp. 1199, 1207 (S.D.N.Y. 1987) (defendant's willful and conscious imitation of plaintiff's non-functional trade dress demanded grant of recall).

It is well within the District Court's equity jurisdiction to afford this remedy. Nikon Inc. v. Ikon Corp., 987 F.2d at 97; Perfect Fit Industries, Inc. v. Acme Quilting Co., Inc., 646 F.2d 800, 805 (2d Cir. 1981), cert. denied, 459 U.S. 832 (1982). Moreover, recall has been found to be an appropriate remedy in the context of patent infringement. Rohm and Haas Co. v. Cumberland Chemical Corp., 220 U.S.P.Q. 978, 982-983 (S.D. Tx. 1983).

In granting the remedy of "recall," courts have given great consideration to whether the plaintiff's reputation would be irreparably harmed by the continued sale of the infringing product. For example, in the case of Nik-Nik Industries, Inc. v. Walt Disney Productions, Inc., 194 U.S.P.Q. 108 (S.D.N.Y. 1976), the plaintiff was granted a "recall" as part of its preliminary relief due to the irreparable harm that sale of the infringer's product caused plaintiff's reputation for design exclusivity.

Similarly, in the case of Dollcraft Industries, Ltd. v. Well-Made Toy Mfg., 479 F.Supp. 1105 (E.D.N.Y. 1978), the Court found that plaintiff's business reputation and good name would be irreparably injured if the Defendants were permitted to continue manufacturing, selling and distributing the accused infringing toys. Id. at 1117. This injury was found to be particularly acute, given the nature of a toy's commercial popularity. Id. See, Hukafit Sportswear, Inc. 228 U.S.P.Q. at 253. The same

8

reasoning applies here.

Courts have been particularly amenable to granting an order of recall upon considering the practical realities surrounding the case. Nikon Inc. v. Ikon Corp., 987 F.2d at 97; Hukafit Sportswear, Inc. 228 U.S.P.Q. at 254; Perfect Fit Industries, Inc., 646 F.2d at 807. Here, Simmons has moved for injunctive relief and recall shortly after first becoming aware of Defendant's infringing activities.

In the case of Gund Inc. v. Golden Bear Co. Ltd., 27 U.S.P.Q.2d 1549, 1553 (S.D.N.Y. 1992), the Court found that Gund was entitled to an order of recall based on Gund's sufficient showing of irreparable harm. Most significantly, the Court found that the benefit to Gund in having the infringing toy removed from sale during the busy holiday shopping season outweighed any burden to Golden Bear in recalling the infringing items. Gund Inc. at 1553. Emphatically, the Court found that upon balancing the equities, "recall is the only effective remedy." Id.

Likewise here, the irreparable harm to Plaintiff's reputation coupled with Defendant's intentional copying of Plaintiff's proprietary design, outweighs any burden to Defendant in granting this recall. If a recall is not granted, then Plaintiff's industry-wide reputation for selling quality jewelry to retail store customers will be irreparably undermined, and sales which it would otherwise make would be lost forever.

### F.    Simmons Is Entitled To Expedited Discovery

Simmons has also moved for expedited discovery pursuant to Rules 30(a), 33(a) and 34(a) of the Federal Rules of Civil Procedure. District Courts have broad power to permit expedited discovery in appropriate cases, see Rules 26(d), 33(a) and 34(b), F.R.C.P., and such discovery is routinely granted in actions involving infringement and

9

unfair competition. See, e.g., Revlon Consumer Products Corp. v. Jennifer Leather Broadway, 858 F. Supp. 1268, 1269 (S.D.N.Y. 1994), aff'd without opinion, 57 F.3d 1062 (2d Cir. 1995); Francis S. Denney, Inc. v. I.S. Lab, Inc., 737 F. Supp. 247, 248 (S.D.N.Y. 1990).

In this case, Simmons should be entitled to expedited discovery to discover the full nature of Defendant's infringing and improper activities.

## CONCLUSION

For the reasons set forth, the temporary restraining order and preliminary injunction sought by Plaintiff should be granted, along with a recall and expedited discovery.

Respectfully submitted,

GOTTLIEB, RACKMAN & REISMAN, P.C.
Attorneys for Plaintiff
270 Madison Avenue
New York, New York 10016
(212) 684-3900

By: _____
Jeffrey M. Kaden (JK 2632)
Marc P. Misthal (MM 6636)
Yuval H. Marcus (YM 5348)

Dated: June 7, 2007
New York, New York