UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
SHR & SIMMONS JEWLERY GROUP, :
LLC
                    Plaintiff,          :        Civil Action No. 07 Civ. 4734
                                                    (LTS)
      - against-                          :

GOLD, LLC,                                  :        PERMANENT INJUNCTION
                                                            AND FINAL JUDGMENT
                 Defendants.          :        ON CONSENT
---------------------------------------------------------X

      Plaintiff SHR & Simmons Jewelry Group LLC and Defendant Gold LLC hereby submit this Permanent Injunction and Final Judgment on Consent.

      WHEREAS, on June 7, 2007, Plaintiff, SHR & Simmons Jewelry Group, LLC (hereinafter, "SHR"), filed its Complaint, Application for a Temporary Restraining Order, Declaration of Scott Rauch (with exhibits), and supporting Memorandum of Law against defendant, Gold, LLC (hereinafter "Gold"). In the foregoing papers, SHR alleges ownership of U.S. Design Patent No. D543,477 (hereinafter, "the '477 Patent"), issued May 30, 2007. SHR further alleges that Gold has sold a bracelet, shown in Exhibit 6 of to the Rauch Declaration (hereinafter "Style No. SB354"), that allegedly infringes the '477 Patent, and subsequently SHR has alleged that Gold has sold another bracelet (hereinafter "Style No. ST449") that also allegedly infringes the '477 Patent;

      WHEREAS, Gold has acknowledged the sale of bracelets with Style No. SB354 and ST449, but has denied the sale and/or offer for sale of any bracelets with Style No. SB354 or ST449 on or after the May 30, 2007 issue date of the '477 Patent. Gold has also denied that this Court has personal jurisdiction over it and nothing herein shall constitute an admission of personal jurisdiction. SHR has conceded that Gold's sales of bracelets with Style No. SB354 and Style No. ST449 prior to May 30, 2007 were all non-infringing sales;

WHEREAS, the parties have agreed to fully compromise and settle this controversy, and all of the claims, disputes and causes of action, known or unknown that were or could have been asserted against each other, and any of their officers, directors, shareholders, employees, agents, representatives, insurers, accountants, attorneys, and their successors and assigns, and have executed a Settlement Agreement, which is hereby incorporated by reference:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

Gold and any of its agents, employees, representatives, successors, assignees, wholly or partially owned subsidiaries or affiliates are permanently enjoined from:

1. Making, importing, using, selling and/or offering for sale bracelets with Style Nos. SB354 or ST449 and any other designs which are substantially identical thereto; and

2. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraph.

**ORDERED,** that this Court shall retain jurisdiction to the extent necessary to enforce this Injunction and to determine any issues that may arise under either.

| | |
|---|---|
| **CONSENTED TO BY PLAINTIFF:** | GOTTLIEB, RACKMAN & REISMAN P.C. |
| Dated: October 12, 2007 | _____ <br> Richard S. Schurin (RS0199) <br> Counsel for Plaintiff |
| | |
| **CONSENTED TO BY DEFENDANT:** | LAW OFFICE OF BRUCE D. KATZ |
| Dated: October 2], 2007 | _____ <br> Bruce D. Katz (BK2041) <br> Counsel for Defendant |

**SO ORDERED.**

Dated: _____, 2007     By: _____
                              Hon. Laura T. Swain
                              United States District Judge

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (the "Agreement") is entered into this September 7, 2007, by and between SHR & SIMMONS JEWELRY GROUP, LLC, a limited liability corporation, organized and existing under the laws of the State of Delaware, having its principal place of business at 462 Seventh Avenue, New York, New York 10018 ("SHR"), and GOLD LLC, a limited liability corporation, organized and existing under the laws of the State of California, having its principal place of business at 1641 Allesandro Street, Los Angeles, CA, 90026 ("Gold") (SHR and Gold are sometimes collectively referred to herein as "The Parties").

WHEREAS, SHR has represented that it is the owner of United States Patent No. D543,477 entitled "Combined Bracelet or Ring Jewelry Linkage" ("the '477 Patent");

WHEREAS, on June 4, 2007, SHR filed Civil Action No. 07 CV 4734 (LTS) in the United States District Court of the Southern District of New York against Gold alleging patent infringement;

WHEREAS, Gold has denied all of the substantive allegations of SHR's Complaint;

WHEREAS, the Parties desire an amicable resolution of their dispute without the necessity of further litigation.

NOW, THEREFORE, in consideration of the foregoing premises, mutual promises and obligations contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Definitions**

1.1   The '477 Patent shall mean the United States Patent as defined in the recitals above;

1.2   The Allegedly Infringing Products shall mean the bracelets "Style No. SB354" and "Style No. ST449" and products which are substantially identical thereto.

2. **Representations and Warranties**

2.1   Gold acknowledges the validity of the '477 Patent.

2.2   Gold represents and warrants that it ceased all manufacture and sale of the Allegedly Infringing Products prior to May 30, 2007.

2.3   Gold represents and warrants that it ceased all manufacture and sale of Style Nos. SB354 and ST449, that it purchased no more than 1100 pcs. of Style No SB354 and 400 pcs. of Style No. ST449 each from a single source, namely: (1) as to Style No. SB354, Elifone (Hong Kong) Ltd., which has represented itself as being a Hong Kong entity with an office located at Unit 831, Yick Tai Industrial Bldg. No. 650-652, Castle Peak Rd. Kin, Hong Kong; and (2) as to Style No. ST449, Wah Cheong Hong (H.K.) Ltd., which has represented itself as being a Hong Kong entity with an office located at Block U, 13/F, Phase 2, Kwun Tong Road, Kowloon, Hong Kong. Gold further represents and warrants that all of its purchases of SB354 and ST449 are accurately

and completely represented in the un-redacted portions of Invoices Nos. 0612118, 070229 and 070505 (Eliphone) and PI-W070325 (Wah Cheong Hong), which invoices have been previously provided to SHR.

2.4    Gold represents and warrants that it sold no more than 1300 of the Allegedly Infringing Products, consisting of the sale of 900 pcs. of Style No. SB354 to a single customer namely, J.C. Penney Co., Inc., and no more than 400 pcs. of Style No. ST449 to a singe customer namely, Macys. Gold further represents and warrants that all of its sales of Style No. SB354 are accurately and completely represented in the un-redacted portions of the Gold LLC invoices dated 09/14/06, 02/12/07, 04/17/07, 04/26/07 and 05/03/07, which invoices have been previously provided to SHR.

2.5    Gold acknowledges that SHR is relying upon the truthfulness of the representations made and referred to in this Paragraph 2 and that the accuracy of such representations is a material condition of this Agreement.

### 3.  Injunction

3.1    The parties agree to execute and offer to the Court the document entitled "Permanent Injunction and Final Judgment On Consent," which document is attached hereto as Exhibit A.

3.2    The sale by Gold of products other than the Allegedly Infringing Products, i.e., Style Nos. SB354, ST449 and products substantially identical thereto, shall not be deemed a breach of this Agreement.

3.2    The parties agree that while there is no need to file a Stipulation of Dismissal in view of the Court's issuance of a 30-day Order, the parties agree to file a jointly-executed Stipulation of Dismissal in the event it becomes necessary to do so to ensure that the above-identified Civil Action No. 07 CV 4734 (LTS) is finally dismissed with prejudice.

### 4.  Recall and Return

4.1    As additional consideration for SHR's execution of this Agreement, Gold agrees to attempt to recall all unsold units of Style No. SB354 currently in the possession of J.C. Penney Co., Inc., and to turn-over to SHR all of Gold's existing unsold inventory and such recalled products. To accomplish such recall and return, the Parties agree that:

    a.    Prior to 9/15/07, Gold shall send an e-mail to scottr@simmonsjewleryco.com, with a cc to SHR's counsel at rschurin@grr.com. Said e-mail shall specifically state that (i) it has sought recall from J.C. Penney list the following: (ii) the total number of pieces of Style No. SB354 currently in Gold's possession; and (iii) how many, if any, of the pieces remain to be recalled from J.C. Penney Co., Inc.

    b.    Prior to 9/30/07, SHR shall provide pick-up and/or delivery instructions to Gold via return e-mail. If SHR elects to have said products delivered to it, then SHR shall choose the method of delivery, i.e., FedEx or other carrier, and SHR shall be responsible for the third-party expense associated therewith.

    c.    Gold shall make all of the units of Style No. SB354 available for pick-up and/or shipping on or before 10/12/07.

    d.    If after completion of steps (a) through (c) above, any Allegedly Infringing Products remain to be recalled, then such steps shall be repeated adding thirty (30) days to each of the dates specified therein.

4.2    Gold is required by this Agreement to make a good faith attempt to recall unsold pieces of Style No. SB354 in the possession of JC Penney. Provided that Gold make a good faith attempt, the failure of JC Penney to return all unsold pieces of Style No. SB354 in its possession shall not be deemed a breach by Gold.

## 5. Mutual Releases

5.1    Subject to the terms of this Agreement and the full performance by the Parties of all conditions imposed upon them by this Agreement, SHR, for itself, its employees, officers, directors, attorneys, representatives, agents, servants, successors and assigns, hereby release, acquit and forever absolutely discharge Gold, its employees, officers, directors, attorneys, representatives, agents, servants, successors and assigns from any and all actions, causes of actions, claims, debts, disabilities, accounts, demands, damages, claims for indemnification or contributions, costs, expenses or fees whatsoever, whether arising in the United States or elsewhere, whether known or unknown, certain or speculative, asserted or unasserted, on account of or in any way concerning the offer for sale and sale of the Allegedly Infringing Products heretofore disclosed by Gold to SHR, occurring prior to or simultaneously with the effective date of this Agreement.

5.2    Subject to the terms of this Agreement and the full performance by the Parties of all conditions imposed upon them by this Agreement, Gold, for itself, its employees, officers, directors, attorneys, representatives, agents, servants, successors and assigns, hereby unconditionally release, acquit and forever absolutely discharge SHR, its employees, officers, directors, attorneys, representatives, agents, servants, successors and assigns from any and all actions, causes of actions, claims, debts, disabilities, accounts, demands, damages, claims for indemnification or contributions, costs, expenses or fees whatsoever, whether arising in the United States or elsewhere, whether known or unknown, certain or speculative, asserted or unasserted on account of or in any way concerning the allegations in the recitals above, occurring prior to or simultaneously with the effective date of this Agreement.

## 6. Governing Law

This Agreement shall be governed by and construed in accordance with the laws of the State of New York without giving effect to any choice or conflict of law provision or rule (whether of the State of New York or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of New York.

## 7. Binding on all Successors and Representatives

This Agreement shall be binding upon and inure to the benefit of the Parties, throughout the World, and each of their respective directors, officers, agents, employees, stockholders, representatives, attorneys, successors and assigns. If this Agreement is translated to another

language, English shall be the controlling and binding language used for the interpretation of this Agreement and the resolution of any dispute regarding this Agreement.

### 8. Attorneys' Fees

The Parties shall bear their own costs and fees with respect to the Action.

### 9. Severability

The invalidity or unenforceability of any paragraph or provision of this Agreement shall not affect the validity or enforceability of the remainder of this Agreement, or the remainder of any paragraph or provision. This Agreement shall be construed in all respects to the fullest extent permitted by law, and as if any invalid or unenforceable paragraph or provision was omitted.

### 10. Date of Agreement

This Agreement shall become binding on the Parties at the time that all of them have executed this Agreement below, which shall also be the effective date hereof.

### 11. Counterparts

This Agreement may be executed in counterparts, all of which, when taken together, shall constitute one agreement with the same force and effect as if all signatures had been entered on one document.

### 12. Entire Agreement

This Agreement represents the entire agreement between the Parties and may not be altered, amended or modified, except in a writing signed by all Parties.

### 13. Voluntary Agreement

The Parties understand and expressly agree that this Agreement has been freely and voluntarily entered into and that no oral or written representations or promises of any kind, unless specifically contained in this Agreement have been made or relied upon by either party.

### 14. Construction of Contract

The general rule of construction for interpreting a contract, which provides that the provisions of a contract shall be construed against the party preparing the contract is hereby waived by the Parties. Each Party acknowledges that it was represented by legal counsel in this matter who participated in the preparation of this Agreement, or it had the opportunity to retain such counsel to participate in the preparation of this Agreement but knowingly chose not to do so.

### 15. Authority to Execute Agreement

The undersigned individuals hereby warrant and represent that they have full authority to execute and perform this Agreement on behalf of the entities for which they have signed.

### 16. Modification

This Agreement may not be modified except by a writing subscribed to by all parties.

### 17. Facsimile

Facsimile signatures shall be deemed to constitute an original.

Dated: September 12, 2007    SHR & SIMMONS JEWELRY GROUP, LLC.

By: _____

Name: Scott H Ranch

Title: President

Dated: September 7, 2007    GOLD LLC.

By: _____

Name: Boais Befsnitsky

Title: President

5