UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SHR & SIMMONS JEWLERY GROUP, :
LLC
          Plaintiff,   :

- against-   :

GOLD, LLC,   :   PERMANENT INJUNCTION
                                            AND FINAL JUDGMENT
          Defendants.   :   ON CONSENT
--------------------------------------------------------X

07 civ 4734
Civil Action No. 07 Civ. 4734
(LTS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 3 1 2007

       Plaintiff SHR & Simmons Jewelry Group LLC and Defendant Gold LLC hereby submit this Permanent Injunction and Final Judgment on Consent.

       WHEREAS, on June 7, 2007, Plaintiff, SHR & Simmons Jewelry Group, LLC (hereinafter, "SHR"), filed its Complaint, Application for a Temporary Restraining Order, Declaration of Scott Rauch (with exhibits), and supporting Memorandum of Law against defendant, Gold, LLC (hereinafter "Gold"). In the foregoing papers, SHR alleges ownership of U.S. Design Patent No. D543,477 (hereinafter, "the '477 Patent"), issued May 30, 2007. SHR further alleges that Gold has sold a bracelet, shown in Exhibit 6 of to the Rauch Declaration (hereinafter "Style No. SB354"), that allegedly infringes the '477 Patent, and subsequently SHR has alleged that Gold has sold another bracelet (hereinafter "Style No. ST449") that also allegedly infringes the '477 Patent;

       WHEREAS, Gold has acknowledged the sale of bracelets with Style No. SB354 and ST449, but has denied the sale and/or offer for sale of any bracelets with Style No. SB354 or ST449 on or after the May 30, 2007 issue date of the '477 Patent. Gold has also denied that this Court has personal jurisdiction over it and nothing herein shall constitute an admission of personal jurisdiction. SHR has conceded that Gold's sales of bracelets with Style No. SB354 and Style No. ST449 prior to May 30, 2007 were all non-infringing sales;

WHEREAS, the parties have agreed to fully compromise and settle this controversy, and all of the claims, disputes and causes of action, known or unknown that were or could have been asserted against each other, and any of their officers, directors, shareholders, employees, agents, representatives, insurers, accountants, attorneys, and their successors and assigns, and have executed a Settlement Agreement, which is hereby incorporated by reference:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

Gold and any of its agents, employees, representatives, successors, assignees, wholly or partially owned subsidiaries or affiliates are permanently enjoined from:

1. Making, importing, using, selling and/or offering for sale bracelets with Style Nos. SB354 or ST449 and any other designs which are substantially identical thereto; and

2. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraph.

ORDERED, that this Court shall retain jurisdiction to the extent necessary to enforce this Injunction and to determine any issues that may arise under either.

**CONSENTED TO BY PLAINTIFF:** GOTTLIEB, RACKMAN & REISMAN P.C.

Dated: October 12, 2007

Richard S. Schurin (RS0199)
Counsel for Plaintiff

**CONSENTED TO BY DEFENDANT:** LAW OFFICE OF BRUCE D. KATZ

Dated: October 2? 2007

Bruce D. Katz (BK2041)
Counsel for Defendant

This Order terminates docket entry #18.
**SO ORDERED.**
Dated: 10/30, 2007

By: _____
Hon. Laura T. Swain
United States District Judge

2